CATHERINE CAMPBELL, 65103
Attorney at Law
PO Box 4470
Fresno, CA 93744
(559) 498.8140
(559) 221.0268 fax

CAROLYN D. PHILLIPS, 103045
Attorney at Law
PO Box 5622
Fresno, CA 93755-5622
(559) 248.9833
(559) 248.9820 fax

ROBERT NAVARRO, Attorney at Law
Bar No. 128461
P.O. Box 8493
Fresno, CA 93747
(559) 452.0934
(559) 452.0986 fax

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT KAUR et al., | No. <u>1:05-cv-276 OWW DLB</u> |
| Plaintiffs, | PETITION FOR APPOINTMENT OF A SUCCESSOR IN INTEREST; POINTS AND AUTHORITIES; DECLARATION OF PLAINTIFF; PROPOSED ORDER |
| v. | |
| ED ALAMEIDA, JR., et al., | |
| Defendants. | |

    1.  KHEM SINGH died on February 16, 2004

    2.  KHEM SINGH died without leaving a will.

    3.  BALJIT KAUR was the wife of KHEM SINGH. KHEM SINGH also has four surviving children.

    4.  No proceeding is now pending in California for administration of the decedent's estate.

5. BALJIT KAUR is the decedent's successor in interest, and is the heir and beneficiary of decedent's intestate estate.

6. There are no other immediate relatives of KHEM SINGH who have equal rights to those of BALJIT KAUR. No other person has a superior right to commence the action which is pending in this Court.

For these reasons, this Court should appoint BALJIT KAUR as the successor in interest to the estate of KHEM SINGH.

Dated: February 14, 2005

By: /s/_____
Catherine Campbell, attorney for Plaintiffs

DECLARATION OF BALJIT KAUR

I, Baljit Kaur, declare as follows:

1. I was married to Khem Singh, who died on February 16, 2004. We were married in 1966 and we had four children who are all now adults.

2. My husband died without leaving a will.

3. No proceeding is now pending in California for administration of Khem Singh's estate.

4. I am Khem Singh's heir and beneficiary of his estate.

5. There are no other immediate relatives of Khem Singh who have equal rights to my rights as Khem Singh's surviving spouse. No other person has a superior right to commence the action which is pending in this court.

6. For these reasons, this court should appoint Baljit Kaur as the successor in interest to the estate of Khem Singh.

I declare under penalty of perjury the foregoing is true and correct and was executed this 12th day of February, 2005 in Fresno, California.

/s/_____
Baljit Kaur




I, Jag Sidhu, am fluent in English and Punjabi. On February 12, 2005, I translated this declaration from English into Punjabi for Baljit Kaur, and she then signed this declaration in my presence.

/s/_____
Jag Sidhu

POINTS AND AUTHORITIES

*Rose v. City of Los Angeles* 814 F. Supp. 878 (CD Cal. 1993), stands for the proposition that only a "personal representative" can bring a survival action. *Rose* was based on former Probate Code section 573 which was replaced with Code of Civil Procedure section 377.30 in 1992. Code of Civil Procedure section 377.30 gives the successor in interest the right to prosecute a survival action when an estate has not been administered, or where it has been closed.[1] *Parsons v. Tickner* (1995) 31 Cal.App.4th 1513, 1522 [stating that under Code of Civil Procedure section 377.30, "...the law no longer requires the appointment of a personal representative."].

Probate Code section 573 was changed to Code of Civil Procedure section 377.34, which - like its predecessor - sets forth the damages recoverable in an action brought by a decedent's personal representative or successor in interest. In *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, at pp. 301-302, the California Supreme Court addressed the meaning of the change from Probate Code section 573 to Code of Civil Procedure section 377.34: "...the principal change made throughout the 1992 legislation was to authorize the decedent's successor in interest to bring or defend an action *when there are no probate proceedings pending and hence no personal representative appointed.*" (Citing the 1992 Law Revision Com. Rep. (1992), pp. 900-903.) (Italics added.)

It is undisputed that survival actions are permitted under 42 U.S.C. § 1983 if authorized by the applicable state law. See *Smith v. City of Fontana*, 838 F.2d 1411, 1416 (9th Cir. 1987). California law applies to this case, and permits survival actions to be brought by the personal representative of the estate of the deceased or by the deceased's successors in interest. See Cal.Civ.Proc.Code § 377.60 (1996); *Byrd v. Guess*, 137 F.3d 1126, 1131 (1998).

To obtain status as a successor in interest, one must show standing. *Ibid*; *Northwest Environmental Defense Center v. BPA,* 117 F.3d 1520, 1528 (9th Cir. 1997). California law defines "decedent's successor in interest" to mean "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the

---

[1]

property that is the subject of a cause of action." Cal.Civ.Pro. § 377.11. In instances, such as herein, where the decedent dies without a will, the term "beneficiary of the decedent's estate" means "the sole person or all of the persons who succeed to a cause of action . . . ." Cal.Civ.Pro. § 777.10. Thus, under California law, any claims that Ronald Herrera may have had under 42 U.S.C. § 1983 and the companion state law claims passed to his successors in interest.

To establish her standing, plaintiff Francis Goena must file with the Court an affidavit compliant with California Code of Civil Procedure section 377.22.[2] Angelica Orozco has signed such an affidavit, and files it with this petition.

By way of analogy, if a party to an action dies during the course of a lawsuit, the court may allow the action to be continued by or against the party's representative or successor in interest. Any party to the action or the deceased party's successors may file a "statement of fact of death" of the deceased party. The statement is served and filed in the same manner as a motion generally. Fed.Rules.Civ.Proc., Rule 25(a)(1); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1944). Either a party or a deceased party's "representatives or successors" may file the statement. Such "representative" need not be a formally appointed representative of

---

[2] This section provides, in pertinent part:
(a) The person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the decedent's successor in interest under this article shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state stating all of the following:
   (1) The decedent's name.
   (2) The date and place of the decedent's death.
   (3) "No proceeding is now pending in California for administration of the decedent's estate."
   (4) If the decedent's estate was administered ...
   (5) either of the following, as appropriate, with facts in support thereof:
      (A) "The affiant or declarant is the decedent's successor in interest (as defined in section 3977.11 of the California Code of Civil Procedure) with respect to the decedent's interest in the action or proceeding."
      (B) . . .

the decedent's estate; there is no need to wait for probate proceedings. *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 469 (2nd Cir. 1998).

For the foregoing reasons, and those in the declaration of Baljit Kaur, attached hereto, plaintiff Baljit Kaur respectfully requests she be appointed as successor in interest herein.

Respectfully submitted,

/s/_____
Catherine Campbell

Petition for Appointment of Successor in Interest; *Baljit Kaur, et al. v. Ed Alameida, et al.*, USDC, Eastern District, No. _____.

6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALJIT KAUR, et al., | No. 1:05-cv-276 OWW DLB |
| Plaintiffs, | ORDER APPOINTING BALJIT KAUR AS DECEDENT'S SUCCESSOR IN INTEREST OF PLAINTIFF; PROPOSED ORDER |
| v. | |
| ED ALAMEIDA, JR., et al., | |
| Defendants. | |

The Court having considered the petition for the appointment of BALJIT KAUR as the successor in interest to the estate of KHEM SINGH, and good cause appearing therefore,

IT IS ORDERED that BALJIT KAUR is appointed as the successor in interest to the estate of KHEM SINGH in this action.

Dated: April 19, 2005

By: /s/ OLIVER W. WANGER
United States District Judge