BILL LOCKYER
Attorney General of the State of California
JAMES M. HUMES
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General
ALVIN GITTISRIBOONGUL, State Bar No. 170296
Supervising Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 323-1997
 Fax: (916) 324-5205

Attorneys for Defendants Adams, Alameida, Jr.,
Anthony, Ayers, Castillo, Hartfield, Huang, Kuberski,
McKesson, Pitts, Prud'homme, Steinberg, Vijaya,
Williams and Wilson
SA2005300056

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **BALJIT KAUR, et al.,** | CASE NO. 1:05-cv-0276 OWW DLB |
| Plaintiffs, | **STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| **ED ALAMEIDA, JR., et al.,** | |
| Defendants. | |

Subject to the approval of this court, the parties, through their respective counsel of record, hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or

relates to the processes, operations, sensitive information pertaining to individuals, and security-related information unique to the California Department of Corrections and its prison institutions, the disclosure of which may have the effect of causing harm to the prison institutions, its employees, and inmates.

2.  Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

3.  Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)  a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b)  experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c)  court reporter(s) employed in this action;

    (d)  a non-inmate witness at any deposition or other proceeding in this action; and

    (e)  any other person as to whom the parties in writing agree.

4.  Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

5.  This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

6. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

7. To date, Defendants have produced or are in the process of producing confidential documents including, but not limited to, Office of Internal Affairs' Investigation Reports concerning decedent's death and allegations against individual officers; personnel-related information pertaining to individual Defendants; and various individual reports bearing information pertaining to inmates who are not parties to this action. These items are deemed confidential information as defined in this agreement and protective order.

8. The parties have agreed to a site inspection that will take place at California Substance Abuse Treatment Facility (CSATF) in Corcoran, California on October 25, 2006. The parties further agree that the inspection will be recorded via video and audio equipment, and photos may also be taken of the decedent's cell, living unit and any evidence collected from decedent after his death. The recording and photographing will be done by CSATF personnel. The video, audio, and photographs obtained through this inspection shall be deemed confidential information. The parties agree that at the conclusion of this lawsuit whether through settlement, verdict, and/or appeal. All video, audio, and photographs obtained through this inspection shall be returned to Alvin Gittisriboongul, Deputy Attorney General, or his designee.

IT IS SO STIPULATED.

Dated: September ___, 2006

_____
ALVIN GITTISRIBOONGUL
Attorney for Defendants
Adams, Alameida, Jr., Anthony, Ayers, Castillo, Hartfield, Huang, Kuberski, McKesson, Pitts, Prud'homme, Steinberg, Vijaya, Williams and Wilson

Dated: September ___, 2006

_____
CATHERINE CAMPBELL
Attorney for Plaintiffs

Dated: September ___, 2006

_____
KATHLEEN WILLIAMS
Attorney for Defendants
Bhatt, Deering, Gonzales, Hirbour-Riveles,
and Underwood

Dated: September ___, 2006

_____
JOHN OHNSTAD, JR.
Attorney for Defendants
Carillo and Patterson

IT IS SO ORDERED.

**Dated: November 6, 2006**     **/s/ Dennis L. Beck**
3b142a                          UNITED STATES MAGISTRATE JUDGE

**STIPULATION AND PROTECTIVE ORDER**

4