# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BAJIT KAUR, | ) | CV F 05 276 OWW DLB |
| | ) | |
| Plaintiff, | ) | ORDER RE PLAINTIFF'S DISCOVERY MOTIONS |
| v. | ) | |
| ALAMEIDA, et al., | ) | |
| Defendants. | ) | |

Plaintiffs Baljit Kaur, Harnoor Kaur, Gurkirat Singh, and the estate of Khem Singh ("plaintiffs") filed a motion for discovery and for sanctions on February 5, 2007, a motion to expand number of depositions on February 6, 2007, and a motion to continue various depositions on February 7, 2007. The motions were heard on March 2, 2007 before the Honorable Dennis L. Beck, United States Magistrate Judge. Catherine Campbell, Carolyn Phillips and Robert Navarro appeared on behalf of plaintiffs. Alvin Gittisriboongul, Peter Hirsig, Kathleen Williams and John Ohnstad appeared on behalf of defendants.

**BACKGROUND**

Accordingly to the second amended complaint, Khem Singh, a 72 year old monolingual, Punjabi-speaking elder at the time of his death, was incarcerated from October 15, 2001 until February 16, 2004 at the California Department of Corrections Substance Abuse Treatment Facility, Corcoran, California ("SATF"). Mr. Singh was a priest in the Sikh religion, which

1

prohibited him from eating meat or eggs and from eating any other food that was on the same plate as meat. He was also disabled and in a wheelchair. Plaintiffs allege that throughout his incarceration, Mr. Singh was denied medical and mental health care, he was abused, assaulted and harassed. Plaintiffs contend that Mr. Singh eventually retreated to his cell, refused food and died of starvation on February 16, 2004, weighing 80 pounds.

## DISCOVERY DISPUTES

**1.     Plaintiffs' Motion to Compel Discovery Related to Seven Requests for Production served on Defendants represented by Attorney General's Office.**

The following discovery requests are at issue in this motion:

a. First Request for Production - Request Nos. 1 through 8, 10, 13, 14, 19 through 22, 23 through 28, 30, 32, 33, 36 through 39, 41, 42, 44 and 45.

b. Second Request to Produce: Request Nos. 1 through 5.

c. Third Request for Production: Request Nos. 1, 3 and 4.

d. Fourth Request for Production: Request No. 1.

e. Fifth Request for Production: Request No. 1.

f. Sixth Request for Production: Request Nos. 1 though 6.

g. Seventh Request for Production: Request No. 1.

Based on the discussions at the hearing, defendants are ordered to provide further responses to these requests by March 31, 2007. Defendants are ordered to provide a copy of the response to the Court.

Plaintiffs seek sanctions in the form of attorneys' fees incurred as a result of this motion. Plaintiffs' motion for sanctions will be taken under submission to be considered in part based on defendants' further responses to discovery.

**2.     Plaintiffs' Motion for Expansion of Number of Depositions.**

Plaintiffs seek an order that they may take a total of 35 depositions in this case. The parties have worked out a deposition schedule for 30 depositions.

Defendants have no objection to the depositions listed in the Exhibit as previously agreed upon but request that additional depositions not be scheduled until all the people plaintiffs intend

to name in this lawsuit are brought in so that none of the defendants or witnesses will be subject to a second deposition.

Plaintiffs' motion is granted. As discussed below, the parties shall meet and confer regarding scheduling.

**3.      Plaintiffs' Motion to Continue Various Depositions and for Telephonic Depositions.**

Plaintiffs request an order allowing them to conduct three depositions by telephone and that the depositions of Benjamin Edgar, MTA Shaw, MTA Langner and the witnesses interviewed by Internal Affairs be set and/or continued.

Plaintiffs' motion to continue various depositions and to conduct depositions telephonically is granted.

Plaintiffs' motion to continue the depositions of Benjamin Edger, R.N., MTA Langner, MTA Shaw, CCI Whitten, CO Goswami, and RN Woffard is granted. Counsel for plaintiffs will not be required re-subpoena these witnesses to reschedule their depositions. The deposition of defendant Vijaya will occur telephonically. This does not resolve the question whether and how Mr. Edger, who now lives in Winnipeg, Canada, will be subject to deposition, and the parties will work to resolve that issue, with a telephonic deposition an option counsel will consider.

**5.      Plaintiffs' Request for Informal Resolution of Discovery Dispute.**

On February 28, 2007, plaintiffs submitted a request for informal resolution of discovery dispute relating to the deposition of defendant Dr. Nandan Bhatt. Plaintiffs represent that on October 16, 2006, the parties scheduled the deposition for March 1, 2007. On February 20, 2007, Kathleen Williams sent an e-mail sating that she would not allow Dr. Bhatt to be deposed on March 1, 2007 because she understood that plaintiffs intend to amend the complaint and she did not want Dr. Bhatt exposed to an additional deposition. On February 27, 2007, Ms. Williams cancelled the deposition.

At the request of their counsel, Ms. Kathleen Williams, the depositions of Drs. Bhatt, Gonzales, and Hirbour will be continued until after the above-named future defendants (MTA Shaw, RN Wofford, RN Edger, CCI Whitten, and CCII Diaz) have resolved the question whether they will have new counsel and, if they are going to have new counsel, that counsel is retained

and has prepared to represent the interests of MTA Shaw, RN Wofford, RN Edger, CCI Whitten, and CCII Diaz at the depositions of Drs. Bhatt, Gonzales, and Hirbour. The deposition of Dr. Underwood will go forward as scheduled.

**6.    Miscellaneous**

At the hearing, the parties agreed as follows:

Counsel for CDCR Peter Hirsig and Deputy Attorney General Gittisriboongul agreed to provide to plaintiffs' counsel copies of the documents contained in Mr. Singh's cell, now contained in the SATF evidence locker, and copies of the two taped interviews of inmates in the evidence locker, within 15 days or by March 19, 2007. In addition, counsel agreed to provide an inventory of the contents of the evidence locker by the same date. If they are unable for any reason to comply with this order, they are to notify the court and counsel as to the reasons why they are unable to do so and the time frame in which they believe it is possible to comply.

Mr. Hersig and Mr. Gittisriboongul also agreed to provide plaintiffs' counsel a CDCR and SATF chain of command for medical, mental health, and dental care from 2000 to February 16, 2004 on or before March 22, 2007. The parties agreed that thereafter they would work together to develop a stipulation to amend plaintiffs' complaint. Plaintiffs will circulate their third amended complaint as soon as they have received the above chain of command information.

Plaintiffs' counsel represented that plaintiffs intend to amend their complaint to add MTA Shaw, RN Wofford, RN Edger, CCI Whitten, and CCII Diaz as defendants. Defense counsel shall decide whether each of these persons needs separate counsel. Plaintiffs have agreed to circulate a third amended complaint as soon as they are able to do so. If the parties stipulate to the filing of a third amended complaint, the court will hold a status conference hearing regarding service of that complaint shortly thereafter, if necessary. Depositions of the proposed new defendants should not go forward until the third amended complaint is filed and the issues regarding the new defendants' representation have been resolved.

Ms. Kathleen Williams agreed to provide training records on behalf of the defendants whom she represents.

Mr. Hirsig, counsel for the CDCR, agreed to work with plaintiffs' counsel to set up the

complete tour of SATF within 30 days, or by April 2, 2007.

The Court hereby adopts the parties' agreements as its own Order.

### CONCLUSION

Based on the foregoing, plaintiffs' motions are granted in part as follows:

1. Plaintiffs' motion to compel discovery, filed February 5, 2007 is granted. Defendants are ordered to provide further responses to the requests by March 31, 2007. Defendants are ordered to provide a copy of the response to the Court;

2. Plaintiffs' motion to expand the number of depositions, filed February 6, 2007 is granted, subject to defendants' right to object. The parties shall meet and confer regarding scheduling;

3. Plaintiffs' motion to continue various depositions and to conduct various depositions telephonically, filed February 7, 2007 is granted;

4. The depositions of Drs. Bhatt, Gonzales, and Hirbour are continued as discussed herein;

5. Depositions of the proposed new defendants should not go forward until the third amended complaint is filed and the issues regarding the new defendants' representation have been resolved; and

6. The agreements made by the parties at the hearing as described herein are adopted as the Court's Order.

IT IS SO ORDERED.

Dated:   **March 27, 2007**            /s/ **Dennis L. Beck**
3b142a                                  UNITED STATES MAGISTRATE JUDGE