# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAJIT KAUR, | ) CV F 05 276 OWW DLB |
| | ) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |
| v. | ) [Doc 129] |
| ALAMEIDA, et al., | ) |
| Defendants. | ) |

Plaintiffs Baljit Kaur, Harnoor Kaur, Gurkirat Singh, and the estate of Khem Singh ("plaintiffs") filed a motion to compel for discovery and for sanctions on April 4, 2007. The motion was heard on April 11, 2007 before the Honorable Dennis L. Beck, United States Magistrate Judge. Catherine Campbell and Carolyn Phillips appeared on behalf of plaintiffs. Alvin Gittisriboongul appeared on behalf of defendants.

## BACKGROUND

Accordingly to the second amended complaint, Khem Singh, a 72 year old monolingual, Punjabi-speaking elder at the time of his death, was incarcerated from October 15, 2001 until February 16, 2004 at the California Department of Corrections Substance Abuse Treatment Facility, Corcoran, California ("SATF"). Mr. Singh was a priest in the Sikh religion, which prohibited him from eating meat or eggs and from eating any other food that was on the same plate as meat. He was also disabled and in a wheelchair. Plaintiffs allege that throughout his

1

incarceration, Mr. Singh was denied medical and mental health care, he was abused, assaulted and harassed. Plaintiffs contend that Mr. Singh eventually retreated to his cell, refused food and died of starvation on February 16, 2004, weighing 80 pounds.

## DISCOVERY DISPUTES

Plaintiff filed the instant motion to compel discovery and for sanctions on April 4, 2007 after defendants failed to respond to plaintiff's Eighth, Ninth and Tenth requests for production of documents and interrogatories. On April 22, 2007, plaintiffs filed a supplement to their motion representing that on April 18, 2007 counsel received responses to the Eighth and Ninth requests. Despite the responses, the following are still in dispute:

**A.     Plaintiff's Ninth Request for Production of Documents**.

**Request No. 1:** The Office of Investigative Services management's investigation of the report of the Office of Investigative Services' investigation into the death of Khem Singh as described in the Office of Inspector General, Quarterly Report, January -March 2005, page 7.

In response, defendants represent that they have produced the internal affairs report and they have no additional documents responsive to this request. Plaintiffs state that defendants have not produced the internal affairs report but have only produced summaries of statements of witnesses interviewed by internal affairs. As discussed at the hearing, it appears that additional documents responsive to this request may be in the custody of CDCR and will be covered by this Court's Order on plaintiff's request for issuance of an Order to Show Cause.

**Request No. 3**: The SATF Correctional Treatment Center Policy and Procedures Manual for 2003-2004.

Defendants objected to the request as vague, ambiguous and overbroad but stated they were attempting to locate the manual for the year 2003.

Plaintiffs argue that MTA Del Rosario testified that this manual was readily available to all medical staff working in the CTC.

Defendants are ordered to produce all documents responsive to this request on or before May 21, 2007. Failure to do so will result in further sanctions against defendants.

1  **Request No. 5**: All documentation of Mr. Singh's work history by correctional guards,
2  including Officer Julius McKesson, at SATF in D5 during Mr. Singh's incarceration, as
3  referenced by Sonya Whitten in her deposition at pgs 36, 39, 40.
4  Defendants respond by stating that responsive documents would be in plaintiff's central
5  file, which has already been produced.
6  Plaintiffs state that no such documents are in plaintiff's central file.
7  Defendants are ordered to conduct a further search for responsive documents and produce
8  further documents within 30 days of this order.  In doing so, defendants and counsel are
9  reminded of their duty under Rule 34 to conduct a diligent search and reasonable inquiry in effort
10 to obtain responsive documents.  Defendants are obligated to produce all specified relevant and
11 non-privileged documents which are in their possession, custody or control.  *See*
12 Fed.R.Civ.Proc. 34(a).  It is sufficient if the document is in the possession of a person or entity
13 over whom the party has control or if that party has a legal right to obtain it.
14 **Request No. 6:**  The communications log kept in the D yard medical clinic at SATF by
15 MTA's for the purpose of passing information from one shift to the next, per testimony of MTA
16 Shaw, from 2001 through 2/16/04.
17 Defendants respond that they do not have such documents but believe documents
18 responsive to this request were confiscated by the Special Agent Jeff Finch, CDCR Internal
19 Affairs.  Defendants also believe responsive documents have been produced by CDCR.
20 The Court will address this request in the Order on plaintiff's request for issuance of an
21 Order to Show Cause.
22 **B.    Plaintiff's Tenth Request for Production.**
23 Defendants have failed to respond to plaintiff's Tenth Request for Production of
24 Documents.  Defendants are ordered to respond to this request, without objections, within 20
25 days of this Order.
26 **C.    Plaintiffs' Interrogatories to defendants Adams and Alameida.**
27 On May 9 2007, plaintiff filed a second supplement to their motion to compel advising
28 the court that responses to the Interrogatories were received from defendants Adams and

Alameida on April 30, 2007. Plaintiffs argue the responses are inadequate and incomplete.

The parties are ordered to meet and confer regarding defendants Adams and Alameida's responses to interrogatories. Should they be unable to resolve the issues the parties shall schedule a hearing on the remaining interrogatories in dispute. Defendants are reminded that their failure to provide timely responses to the interrogatories constitutes a waiver of any objections to the interrogatories. *See* Fed. R. Civ. Proc. 33(b)(4). Defendants are further reminded that the party answering interrogatories must furnish " such information as is available to the party." Fed. R.Civ.Proc. 33(a). This may include information known to persons in the party's employ or over whom they have control. This may also include information known to the responding party's lawyer, agents or employees.

**D.    Sanctions**

Based on defendants failure to respond to plaintiff's requests for production of documents and interrogatories until after the present motion was filed and defendants' complete failure to respond to plaintiff's Tenth Request for production, defendants are ordered to pay plaintiffs' attorneys' fees associated with this motion. Plaintiff shall submit a declaration describing the fees associated with this motion.

## CONCLUSION

Based on the foregoing, plaintiffs' motion is granted as follows:

1. Defendants are ordered to produce all documents responsive to Request No. 3 in plaintiff's Ninth Request for Production of Documents on or before May 21, 2007. Failure to do so will result in further sanctions against defendants;

2. Defendants are ordered to conduct a further search for documents responsive to Request No. 5 of plaintiff's Ninth Request for Production of Documents and produce further documents within 30 days of this Order;

3. Defendants are ordered to respond to plaintiff's Tenth Request for Production of Documents, without objections within 20 days of this Order;

**4.** The parties are ordered to meet and confer regarding defendants Adams and Alameida's responses to interrogatories. Should they be unable to resolve the

4

issues the parties shall schedule a hearing on the remaining interrogatories in dispute; and

5. Defendants are ordered to pay plaintiffs' attorneys' fees associated with this motion. Plaintiff shall submit a declaration describing the fees associated with this motion.

IT IS SO ORDERED.

Dated:   May 15, 2007                             /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE