# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BAJIT KAUR, | ) | CV F 05 276 OWW DLB |
| | ) | |
| | ) | ORDER RE PLAINTIFF'S APPLICATION |
| Plaintiff, | ) | FOR ORDERS TO SHOW CAUSE |
| | ) | |
| v. | ) | [Doc 129] |
| | ) | |
| ALAMEIDA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Plaintiffs Baljit Kaur, Harnoor Kaur, Gurkirat Singh, and the estate of Khem Singh ("plaintiffs") filed applications for orders to show cause why civil contempt citations should not issue against Special Agent Jeff Finch and James Tilton, Director of the California Department of Corrections and Rehabilitation and their attorney of record Peter Hirsig (collectively "CDCR")for their failure to comply with subpoena duces tecums served May 18, 2006 and October 11, 2006. CDCR filed a response to the applications on February 27, 2007. At the initial hearing on the applications held March 2, 2007, CDCR argued that plaintiffs failed to comply with Local Rule 78-230 and failed to file a motion to compel to properly address the issues. The Court granted CDCR's request for additional time for further briefing. CDCR filed additional briefing in support of its opposition to the applications on March 7, 2007. Plaintiffs filed a reply on March 8, 2007.

# BACKGROUND

Accordingly to the second amended complaint, Khem Singh, a 72 year old monolingual, Punjabi-speaking elder at the time of his death, was incarcerated from October 15, 2001 until February 16, 2004 at the California Department of Corrections Substance Abuse Treatment Facility, Corcoran, California ("SATF").  Mr. Singh was a priest in the Sikh religion, which prohibited him from eating meat or eggs and from eating any other food that was on the same plate as meat.  He was also disabled and in a wheelchair.  Plaintiffs allege that throughout his incarceration, Mr. Singh was denied medical and mental health care, he was abused, assaulted and harassed.  Plaintiffs contend that Mr. Singh eventually retreated to his cell, refused food and died of starvation on February 16, 2004, weighing 80 pounds.

# DISCOVERY DISPUTES

On May 8, 2007, plaintiffs served a subpoena duces tecum on CDCR listing 50 separate document requests.  On March 30, 2007, CDCR served objections to each of the requests.  No documents were produced in response to the subpoena.

On October 4, 2006, plaintiffs issued a subpoena for the deposition of special agent Jeff Finch.  The deposition subpoena included seven (7) requests for documents identical to the initial subpoena to CDCR.  CDCR served objections to the document requests.

The following document requests are still in dispute[1]:

**Request No. 2: Policies and Procedures at SATF from 2000 through February 16, 2004 regarding ensuring staff implementation of prescribed medication and course of treatment.**

Response:  Material contains information that is absolutely privileged by Cal. Gov. Code 6254.  Material subject to conditional privilege of Evid. Code § 1040(b)(2), 1043, 1044 and 1045, as well as federal Official Information Privilege, based on the highly sensitive nature of materials.  Also subject to Civil Code 1798, et seq. and is subject to 15 CCR § 3321.

---

[1] Plaintiff's application also raises issues regarding a further tour of CSATF.  It is the Court's understanding that these issues were resolved at the hearing on March 2, 2007 and therefore they will not be addressed in this Order.

**Request No. 24: SATF Suicide Prevention Committee meeting minutes and copies of all studies, reports and memoranda generated by the Committee for the period of 2000 through February 16, 2004.**

Response:  Material contains information that is absolutely privileged by Cal. Gov. Code 6254.  Material subject to conditional privilege of Evid. Code § 1040(b)(2), 1043, 1044 and 1045, as well as federal Official Information Privilege, based on the highly sensitive nature of materials.  Also subject to Penal Code §§ 832.7 and 832.8, as well as Civil Code 1798, et seq. and is subject to Title 15 CCR.  Confidential and privileged under 10 U.S.C. § 1102(a).

**Request No. 27: The work schedule for mental health staff for the period from 2000 to February 16, 2004.**

Response: Overbroad and burdensome.  Material contains information that is absolutely privileged by Cal. Gov. Code 6254.  Material subject to conditional privilege of Evid. Code § 1040(b)(2), 1043, 1044 and 1045, as well as federal Official Information Privilege, based on the highly sensitive nature of materials.  Also subject to Penal Code §§ 832.7 and 832.8, as well as Civil Code 1798, et seq. and is subject to Title 15 CCR.

**Request No. 29: In addition to the above requested CDC Incident Report and DR and PA Reports and associated documents, plaintiffs request all documents, including but not limited to reports, statements, correspondence, photographs, and video and audiotape recordings, of any investigation, review or inquiry conducted by the CDC into Khem Singh's death and any cover-up of the circumstances surrounding Kham Singh's death.**

Response:  Material contains information that is absolutely privileged by Cal. Gov. Code 6254.  Material subject to conditional privilege of Evid. Code § 1040(b)(2), 1043, 1044 and 1045, as well as federal Official Information Privilege, based on the highly sensitive nature of materials.  Also subject to Penal Code §§ 832.7 and 832.8, as well as Civil Code 1798, et seq. and is subject to Title 15 CCR.  Protected by Coleman.  Attorney-client and/or work product.

**Request No. 30: Decedent's C-file, including any confidential portion thereof, and any medical or psychiatric file regarding decedent.**

Response: Such information is protected by California Civil Code sec. 56 and the federal Health Insurance Portability and Accountablility Act (HIPAA).  Material contains information that is absolutely privileged by Cal. Gov. Code 624.  Material subject to conditional privilege of Evid. Code § 1040(b)(2), 1043, 1044 and 1045, as well as federal Official Information Privilege, based on the highly sensitive nature of materials.  Also subject to Penal Code §§ 832.7 and 832.8, as well as Civil Code 1798, et seq. and is subject to Title 15 CCR.

**Request No. 36: Any log which contains notations regarding Khem Singh at SATF.**

1        Response: Overbroad and burdensome.  Narrow request.

**Request No. 37: All documents provided to the California Inspector General by the CDC and/or SATF regarding Khem Singh's death.**

Response: Overbroad and burdensome.  Material contains information that is absolutely privileged by Cal. Gov. Code 6254.  Material subject to conditional privilege of Evid. Code § 1040(b)(2), 1043, 1044 and 1045, as well as federal Official Information Privilege, based on the highly sensitive nature of materials.

**Request No. 42: All CDC 114 forms, or other logs, reports, and notes maintained in the Control (or "Observation") Booth of the Facility where Khem Singh was housed at SATF until his death.**

Response:  Overbroad and burdensome.  Material contains information that is absolutely privileged by Cal. Gov. Code 6254.  Material subject to conditional privilege of Evid. Code § 1040(b)(2), 1043, 1044 and 1045, as well as federal Official Information Privilege, based on the highly sensitive nature of materials.  Also subject to Penal Code §§ 832.7 and 832.8, as well as Civil Code 1798, et seq. and is subject to Title 15 CCR.

A.      **Relevancy, Admissibility and Adequate Specificity.**

Federal Rule of Civil Procedure 45(a)(1)(C) requires a subpoena to "designate" the documents or records to be produced.  Fed.R.Civ.Proc. 45(a)(1)(C).  The nonparty witness may serve the subpoenaing attorney with written objections to inspection or copying of any or all the designated materials.  Fed.R.Civ. Proc. 45(c)(2)(B).  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises, except pursuant to an order from the court in which the subpoena was issued.  Fed.R.Civ.Proc. 45(c)(2)(B).  The court may grant orders to compel production, to limit the evidence produced under the subpoena and/or such other orders as required to protect the witness against unreasonable burden.  *See* Fed.R.Civ.Proc. 45(c)(2).  The Court "shall" quash or modify the subpoena upon a finding of undue burden to the witness.  Fed.R.Civ.Proc. 45(c)(3)(A)(iv).  An overbroad subpoena drafted without any attempt made "to try to tailor the information request to the immediate needs of the case."  *Mattel, Inc. V. Walking Mountain Prods.,* 353 F.3d 792, 813 (9th Cir. 2003).

CDCR argues that Request numbers 36, 37 and 42 are "grossly overbroad" and therefore

plaintiffs' application for OSC for these requests should be denied outright.  In response, plaintiffs represent that correspondence dated March 5, 2007 clarified the documents requested and informed defendants, "Our understanding is that Mr. Hirsig will be providing all copies of the logs in compliance with this request and the subpoena, including the logs identified during Mr. Finch's deposition and the MTA log identified during Mr. Shaw's deposition.  The request would also include a copy of the evidence log pages which refer to evidence seized related to the death of Khem Singh."  Plaintiffs also represent that CDCR produced the covers of log books but not the content of the logbooks as well as portions of the floor log for the D5 housing unit covering October 2003.

The requests are not overly broad such that CDCR is subject to an undue burden in responding to Request Numbers 36, 37 and 42.  This is evidenced by CDCR's partial responses.  The objection is overruled.  CDCR should produce the complete floor log for the D5 housing unit covering October 2003, the complete log books for which only covers were previously produced, the logs identified in Mr. Finch's and Mr. Shaw's depositions, as well as any other logs referencing Mr. Singh as requested.

**B.      Privilege Objections.**

CDCR further objects to Request Numbers 30, 36, 37 and 42 on the grounds that the requests potentially seek privileged and protected matter.  Specifically, CDCR contends,

> Material contains information that is absolutely privileged by Cal. Gov. Code 6254.  Material subject to conditional privilege of Evid. Code § 1040(b)(2), 1043, 1044 and 1045, as well as federal Official Information Privilege, based on the highly sensitive nature of materials.

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state.  Fed. R. Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562 (1989); *Kerr v. United States District Court for the Northern District of California*, 511 F.2d 192, 197 (9th Cir. 1975); *Jackson v. County of Sacramento*, 175 F.R.D. 653, 654 (E.D. Cal. 1997) (recognizing that the law of the forum state does not inform federal privilege law in federal civil rights actions, and expressly holding that Cal. Evid. Code sections

1040 and 1043 did not govern the 1983 action); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F.Supp.2d 1164, 1169 (C.D.Cal. 1998).

Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. *Kerr v. United States District Court for the Northern District of California*, 511 F.2d 192, 198 (9th Cir. 1975). The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id.

CDCR's objections based on state law privileges (Evidence Code section 1040, Government Code section 6254) are inapplicable in this 1983 action and are therefore overruled. Further, CDCR has failed to make the "substantial threshold showing" required to invoke the federal official information privilege and to trigger the balancing test. *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D.Cal. 1995); *Kelly v. City of San Jose*, 114 F.R.D. 653, 669 (N.D.Cal. 1987). To make this showing, Defendants must submit a declaration or affidavit from a responsible official that includes the following: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. *Soto*, 162 F.R.D. at 613. If the threshold burden is not met, the court should order disclosure. If the burden is met, the court should order an *in camera* review of the material and balance each party's interests. Id. CDCR has not submitted any evidence, declaration, affidavit, or otherwise from which the Court could even begin to determine whether the threshold burden is met. CDCR's objections to the subpoena based on the federal official information privilege are therefore overruled.

**C.    Federal Rule 26(b).**

CDCR makes a generalized objection to the subpoenas on the ground that the records

sought are not relevant to any claim or defense. This objection is overruled as CDCR has failed to explain or support the objection in any meaningful way. Without reference to specific requests, the Court is unable to evaluate this general objection.

**D.    Privacy Rights.**

For the reasons discussed above, CDCR's reliance on state law privacy rights is misplaced. Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See *Breed v. United States Dist. Ct. for Northern District,* 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir.1992), *cert. den*. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); *Cook v. Yellow Freight Sys., Inc.,* 132 F.R.D. 548, 550-51 (E.D.Cal.1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

In Request Number 27, plaintiff seeks the work schedules of all mental health staff for the period 2000 through February 16, 2004. CDCR argues that requesting information related to every staff member's schedule is unreasonable and burdensome and violative of the privacy rights of these individuals.

Information relating to the work schedules of mental health staff assigned to the units or buildings where plaintiff was housed during his incarceration is relevant to the claims in this case and should be produced by CDCR. The balance of hardships tips in plaintiff's favor for a limited disclosure, subject to the conditions of this order and for use only in this litigation. Concerns relating to private information, such as social security numbers, which may be included in these documents can be addressed by redaction. CDCR shall therefore produce redacted versions of the documents to plaintiff pursuant to the terms of this Order and the Stipulated Protected Order filed on November 6, 2006.

Request Number 29 seeks documents concerning the investigation conducted by CDCR into Mr. Singh's death. CDCR raises specific concerns about producing the "tape recordings of

employees." CDCR argues the recorded statements are privileged and obtained with the mind set that the Department is afforded all protections guaranteed by the law, including that of privacy. CDCR further argues that disclosure may result in limited participation by those who have information.

Information relating to CDCR's investigation into Mr. Singh's death, including recorded statements is relevant to plaintiff's claims. While the court is mindful of the potential adverse consequences resulting from disclosure, CDCR's concerns are, as in numerous civil rights cases involving CDCR pending in this Court, addressed by the Stipulated Protected Order. Therefore the balance of hardships tips in plaintiff's favor for a limited disclosure, subject to the conditions of this order and for use only in this litigation.

E.  **Order**

Plaintiff's application for an Order to Show Cause is granted in part. CDCR's objections to the subpoena are overruled as discussed in this Order. CDCR is granted 20 days to comply with the subpoenas issued and specifically to produce documents responsive to Request Numbers 2, 24, 27 (limited to information relating to the work schedules of mental health staff assigned to the units or buildings where plaintiff was housed during his incarceration), 29, 30, 36, 37 and 42 subject to the Stipulated Protected Order filed November 6, 2006. CDCR may redact any and all personal information including but not limited to social security numbers, home addresses, telephone numbers, family information and background information of defendants or any other employees or inmates who are not parties to this action. Failure to comply with the Subpoena as ordered herein, will result in institution of civil contempt proceedings. CDCR shall file a notice of compliance with this Order within 20 days.

IT IS SO ORDERED.

Dated:   **May 23, 2007**              /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE